# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**CHEYANNE GAGNON,**

        Plaintiff,

v.                                                                                        CASE NO.:

**MARCUS CANTOS REPTILES, LLC d/b/a**
**THE TURTLE SOURCE, a Florida Limited**
**Liability Company, and**
**MARCUS CANTOS, Individually**

        Defendants.

_____/

## NOTICE OF REMOVAL

    Defendants Marcus Cantos Reptiles, LLC d/b/a The Turtle Source and Marcus Cantos ("Defendants"), hereby gives this notice of removal of the above-styled action to the United States District Court in the Middle District of Florida. The grounds for removal are as follows:

    1.    On January 11, 2019, Plaintiff, Cheyanne Gagnon filed a Second Amended Complaint in the Circuit Court of the Twentieth Judicial Circuit, Lee County, Florida, styled CHEYANNE GAGNON v. MARCUS CANTOS REPTILES, LLC, d.b.a., THE TURTLE SOURCE; and MARCUS CANTOS Individually (Case No.: 2018-CA-003510).

    2.    Plaintiff's Second Amended Complaint contains four counts arising out of her employment with Defendants. In Count IV, Plaintiff makes the following allegation: "Defendant Employer failed to pay Plaintiff wages accrued during Plaintiff's employment with Defendant Employer, including but not limited to, **statutory overtime wages**." 2nd Amd. Compl. ¶ 36. (emphasis added).

3. Defendants were placed on notice of this action when served with the Second Amended Complaint on January 11, 2017. Defendants have timely filed its Notice of Removal under 28 U.S.C. § 1446(a) and (b), M.D. Fla. L.R. 4.02, and Rule 81(c), FED. R. CIV. P. Plaintiff's allegation in Count IV that Defendants failed to pay "statutory overtime wages" was added as a new allegation in her Second Amended Complaint after the state court dismissed without prejudice Plaintiff's Complaint and Amended Complaint.

4. Although count four is labeled Breach of Contract, "[c]ourts looks to the substance, not the labels, of the plaintiff's claims as contained in the factual allegations in the complaint." *Joiner v. Gasparilla Island Bridge Auth.*, No. 2:16-cv-467-FtM-99CM, 2016 U.S. Dist. LEXIS 175719, at *3-4 (M.D. Fla. Dec. 20, 2016). Thus even when presented with a count labeled as a state claim, the "[c]ourt's responsibility is to examine [plaintiff's] cause of action for what it actually is, not for what [plaintiff] would have it be." *Id.* (Quoting *McKinney v. Pate*, 20 F.3d 1550, 1560 (11th Cir. 1994) (en banc)).

5. In Florida, overtime claims arise only under the Fair Labor Standards Act. There is no state law cause of action under Florida state law for the payment of statutory overtime wages.

6. Therefore, in seeking "statutory overtime wages," Plaintiff's Second Amended Complaint seeks relief from Defendants for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. The Second Amended Complaint presents a federal question within the original subject matter jurisdiction of the Federal Court. Specifically, under 28 U.S.C. § 1331: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This action is removable under 28 U.S.C. § 1441(a) and (b) because the Complaint seeks relief under 29 U.S.C. § 201, *et seq.*, which is a federal claim arising under the laws of the United States.

7. Furthermore, this is a civil action of which this Court has original jurisdiction. This Court has supplemental jurisdiction over Plaintiff's remaining claims because they are so related to Plaintiff's FLSA claim that they form part of the same case or controversy under Article III of the United States Constitution. Specifically, the remaining claims are based on Plaintiff's employment with the Defendants.

8. Pursuant to 28 U.S.C. § 1446(a) and M.D. Fla. L.R. 4.02 copies of all papers filed in the state court action are attached.

9. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal has been provided to the plaintiffs in this action, and a copy of the Notice of Removal has been filed with the Clerk of the Circuit Court in and for Lee County, Florida.

10. All Defendants in this action consent to removal of this action.

Dated: January 28, 2019

Respectfully submitted,

/s/ *Jason Gunter*
Jason L. Gunter
Fla. Bar No. 0134694
Conor P. Foley
Fla. Bar No. 111977
Victor R. Bermudez
Fla. Bar No. 1010344
*Counsel for Defendant*

**GUNTERFIRM**
1514 Broadway, Suite 101
Fort Myers, FL 33901
Tel: 239.334.7017
Email: Jason@GunterFirm.com
Email: Conor@GunterFirm.com
Email: Victor@GunterFirm.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system this  28th  day of January 2019, and that a true and correct copy of the foregoing document was served via mail to Counsel for Plaintiff at P.O. Box 667, Osprey, FL 34229-0667 pursuant to Rule 5, Fed. R. Civ. P.