IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

CHEYANNE GAGNON,

           Plaintiff,

vs.                                   Case No.: 2018-CA-003510

MARCUS CANTOS REPTILES, LLC,
d.b.a., THE TURTLE SOURCE; and
MARCUS CANTOS Individually,

           Defendants.
_____/

## SECOND AMENDED COMPLAINT

Plaintiff, **CHEYANNE GAGNON**, for her second amended complaint against Defendants, **MARCUS CANTOS REPTILES, LLC, d.b.a., THE TURTLE SOURCE**; and **MARCUS CANTOS**, Individually, states:

### GENERAL ALLEGATIONS

1. At all relevant times Plaintiff was a resident of Sarasota County, State of Florida.

2. At all relevant times Defendant Marcus Cantos Reptiles, LLC, d.b.a. The Turtle Source, hereinafter referred to as "Defendant Employer", was located and conducting business in Lee County State, State of Florida.

3. At all relevant times Defendant Marcos Cantos, an individual, hereinafter referred to as "Defendant Cantos", was a resident of Lee County, State of Florida.

4. Defendant Cantos is the proprietor, owner, and operator of Defendant Employer.

5. This is a cause of action for damages exceeding $15,000.00, exclusive of attorney fees and costs.

6. Plaintiff was an employee of Defendant Employer and Defendant Cantos from on or about February 1, 2018, through on or about June 30, 2018.

## COUNT I
### [*Assault*]

7. Plaintiff incorporates by reference, as if fully set out in herein, all statements, assertions, allegations, and averments set forth above.

8. On or about June 30, 2018, while Plaintiff was at the place of business of Defendant Employer, Defendant Cantos became angry with Plaintiff.

9. Defendant Cantos intentionally physically approached and pursued Plaintiff in an aggressive, angry, and insolent manner while Plaintiff was attempting to escape and evade Defendant Cantos.

10. While Defendant Cantos was aggressively physically pursing Plaintiff, Defendant Cantos intentionally pounded his closed fist into his hand several times; an act intentionally and deliberately resembling physical punching directed at Plaintiff.

11. While Defendant Cantos was aggressively physically pursing Plaintiff and pounding his fist into his hand in the act of punching, Defendant Cantos verbally stated to Plaintiff, "I will fucking kill you....", thereby threatening Plaintiff with violence and corporal injury by force.

12. Plaintiff sought safety and shelter in her automobile from Defendant Cantos' intentional, aggressive, and threatening physical pursuit and acts and threat of violence and corporal injury by force directed at Plaintiff.

13. Once Plaintiff was in her automobile Defendant Cantos continued to physically approach and pursue Plaintiff and spat in a threatening, rude, insolent, and angry manner on Plaintiff's car windshield on the driver's side window where Plaintiff was seated.

2

14. Defendant Marcos Cantos had the apparent and present ability and intention to inflict corporal injury upon Plaintiff, including homicide.

15. As a direct and proximate result of Defendant Cantos' intentional, aggressive, threatening, and violent actions directed at Plaintiff on or about June 30, 2018, with the threat of violence and the corporal injury, Plaintiff had a well-founded and reasonable fear of imminent peril and physical injury to Plaintiff by Defendant Cantos, including death.

WHEREFORE, Plaintiff requests that the judgement be entered against Defendant MARCOS CANTOS individually finding that Defendant assaulted Plaintiff, and for damages including but not limited to actual damages, compensatory damages, exemplary damages, and punitive damages, and for all other relief provided for in law or equity.

## COUNT II
*[Intentional Infliction of Severe Emotional Distress]*

16. Plaintiff incorporates by reference, as if fully set out in herein, all statements, assertions, allegations, and averments set forth above.

17. On or about June 29, 2018, Plaintiff reported a blown circuit breaker to Defendant Cantos who responded by saying "how could you fucking do that – just leave before I fire you."

18. While Plaintiff was driving home, Defendant Cantos called Plaintiff on her telephone, issued a stream of profanities and called Plaintiff a "lying bitch," "stupid," and "retarded."

19. On or about June 30, 2018, as Plaintiff was gathering her belongings and exiting the work premises, Defendant Cantos, unleashed a torrent of abuse upon the Plaintiff including: insults, body shaming, gender-based obscenities, threats, and spitting on Plaintiff's windshield and driver's side window as Plaintiff sought shelter in her car. On this date, Defendant Cantos' conduct included but was not limited to the following:

3

    a. Defendant Cantos pursued Plaintiff from inside the work place out into the parking area and all the way to the end of the driveway.

    b. Defendant Cantos repeatedly displayed his middle finger as he pursued Plaintiff.

    c. Defendant Cantos stated to Plaintiff: "Get the fuck off my property. Get out now! Get the Fuck off my property. Never come back again. Get the fuck out please. Get the Fuck out. Rid me of the fucking nightmare that is your presence on this property. Get your stuff and get the fuck out, now. Now! You got 3 seconds to get your stuff and get out. Get the fuck out you stupid fucking dumbest bitch I ever saw in my life. Dumbest bitch I ever saw in my life, get out. Get the fuck out, leave, lazy fucking lazy stupid piece of shit. Fucking stupid piece of fat shit. Get the fuck off my property. Get the fuck out. I can't fucking stand the sight, sound, or smell of you. You should have never fucking come here."

    d. While pounding his fist into his hand Defendant Cantos stated "I will kill you and your fucking boyfriend. Fuck you."

    e. Defendant Cantos spit on Plaintiff's windshield and driver's side window.

20. Defendant Cantos' intentional conduct on or about June 29 and 30, 2018, was extreme and outrageous such that a reasonable person would find it offensive to the senses. Defendant Cantos' intentional conduct exceeded the bounds of decency such that a civilized community would consider it utterly intolerable.

21. Defendant Cantos' intentional conduct on or about June 29 and 30 of 2018, was intended to cause Plaintiff severe emotional distress and Defendant Cantos' knew or reasonably

4

should have known that the emotional distress and damage would be suffered by Plaintiff as a direct and proximate result of Defendant Cantos' intentional actions.

22. As a direct and proximate result of Defendant Cantos' intentional conduct, Plaintiff has suffered anxiety, depression, stress, and nightmares involving Defendant Cantos inflicting violence and corporal injury upon Plaintiff and her family.

23. Plaintiff has received behavioral health counseling and therapy care and treatment for the emotional distress and damage directly and proximately caused by Defendant Cantos intentional actions.

WHEREFORE, Plaintiff respectfully prays for the Court to enter judgement against Defendant MARCUS CANTOS, finding that Defendant intentionally inflicted severe emotional distress upon Plaintiff, and awarding Plaintiff damages, including but not limited to: actual and compensatory damages; punitive damages; attorney fees and costs; and for all other forms of relief provided for in law or equity.

## COUNT III
[*Constructive Termination and Discrimination in Treatment - Fla. Stat. §760.50 et seq.*]

24. Plaintiff incorporates by reference, as if fully set out in herein, all statements, assertions, allegations, and averments set forth above.

25. On or about June 27, 2018, Defendant Employer required Plaintiff to submit to an impromptu drug screen, which was administered without compliance with applicable Florida law.

26. Plaintiff's drug screen results were negative for any illicit or non-prescribed drugs.

27. 

5

28. 

29. Defendant Employer constructively discharged Plaintiff in violation of Fla. Stat. §760.50.

WHEREFORE, Plaintiff respectfully prays judgement against Defendant, MARCUS CANTOS REPTILES, LLC., d.b.a., THE TURTLE SOURCE, finding that the Defendant Employer constructively discharged Plaintiff and discriminated against Plaintiff as a result of Plaintiff's positive HIV status; and awarding Plaintiff damages, including but not limited to, the greater of liquidated or actual damages, compensatory damages, statutory attorney fees, court costs, and for all other forms of relief provided for in law or equity.

## COUNT IV
*[Breach of Contract of Employment Implied in Law]*

30. Plaintiff incorporates by reference, as if fully set out in herein, all statements, assertions, allegations, and averments set forth above.

31. Plaintiff was employed by Defendant Employer and Defendant Cantos from on or about February 1, 2018, through June 30, 2018, when Plaintiff was constructively discharged by Defendants.

32. There was a contract of employment implied in law between Plaintiff and Defendant Employer.

33. Pursuant to the contract of employment implied in law Plaintiff was to be compensated at the rate of $10.00 per hour as a W2 employee.

6

34. Through her labor Plaintiff gave a benefit to Defendant Employer.

35. Defendant Employer knew of, accepted, and retained the benefit received from Plaintiff's labor.

36. Defendant Employer failed to pay Plaintiff wages accrued during Plaintiff's employment with Defendant Employer, including but not limited to, statutory overtime wages.

37. Defendant had a duty to pay wages to Plaintiff under the contract of employment implied in law.

38. Defendant breached the contract of employment implied in law.

39. Plaintiff has suffered damage as a direct and proximate result of Defendant Employer's breach of the contract of employment implied in law.

40. Plaintiff is entitled to damages in law and equity for the amount of unpaid wages which Defendant Employer has failed to pay.

### *Compliance with Condition(s) Precedent*

41. Through counsel, Plaintiff complied with the pre-suit requirements imposed by Fla. Stat. § 448.110 by serving a letter on Defendant Employer on July 9, 2018 – which is more than 15 days prior to the commencement of this action at the address on file with the Florida Department of State Division of Corporations.

42. Defendant Employer did not timely tender the full amount of the wages demanded by the Plaintiff prior to the commencement of this action.

43. In response to Plaintiff's demand letter, Defendant Employer paid in part, but not in full, the wages due and owing to the plaintiff.

44. All conditions precedent to this action have been satisfied by Plaintiff, waived by Defendants, or occurred.

45. Pursuant to Fla. Stat. § 448.08 (2018), Plaintiff is entitled to the costs of the action and a reasonable attorney fee.

46. Plaintiff retained the undersigned counsel and is obligated to pay counsel a reasonable fee for all services rendered.

WHEREFORE, Plaintiff respectfully prays for the Court to enter judgement against Defendants MARCUS CANTOS REPTILES, LLC., d.b.a., THE TURTLE SOURCE; and MARCUS CANTOS Individually, finding that the Defendants have breached the contract of employment implied in law and failed to pay wages to Plaintiff; and for damages including but not limited to: unpaid wages; actual and compensatory damages; statutory attorney fees, statutory court costs, and for all other forms of relief provided for in law or equity.

## DEMAND FOR JURY TRIAL

47. Plaintiff demands a jury trial on all issues so triable in this action.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 11, 2018, a true and correct copy of the foregoing was provided to Marcus Cantos Reptiles, LLC, d.b.a., The Turtle Source; and Marcus Cantos Individually, by and through Jason L. Gunter, Esq., Attorney for the Defendant, via e-mail at jason@gunterfirm.com.

Respectfully submitted,

*/s/ Randolph W. Snodell/*

RANDOLPH W. SNODELL, ESQ.
Florida Bar No. 123169
The Law Offices of Randolph W. Snodell, PLLC
P.O. Box 667
Osprey, FL. 34229-0667
Telephone: 941-256-5231
E-Mail: rws0130@comcast.net
Attorney for the Plaintiff

8

9