UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHEYANNE GAGNON,

        Plaintiff,

v.                                Case No:  2:19-cv-48-FtM-38UAM

MARCUS CANTOS and MARCUS
CANTOS REPTILES, LLC D.B.A
THE TURTLE SOURCE,

        Defendants.

                                    /

## OPINION AND ORDER[1]

This matter comes before the Court on *sua sponte* review of Defendants Marcus

Cantos ("Defendant Cantos") and Marcus Cantos Reptiles, LLC d/b/a The Turtle Source's

("Defendant Employer") Notice of Removal.  (Doc. 1).  This is an action for assault,

intentional infliction of emotional distress, constructive termination and discrimination in

treatment, and breach of contract under Florida law.  (Docs. 1-3; 3).  Plaintiff Cheyanne

Gagnon ("Gagnon") initiated this case on July 26, 2018 in state court.  (Docs. 1-1; 1-5).

Thereafter, Gagnon filed an Amended Complaint in state court on November 1, 2018.

(Docs. 1-2; 1-5 at 1).  Gagnon subsequently filed a Second Amended Complaint on

January 11, 2018.  (Docs. 1-3; 1-5 at 2; 3).  Defendants timely removed this case within

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

30 days of service of the Second Amended Complaint (Docs. 1-3; 1-5 at 2; 3) on January 28, 2019, citing federal jurisdiction under 28 U.S.C. § 1331.[2] (Doc. 1). Although given the opportunity, Gagnon did not respond to Defendants' Notice of Removal. The Court now directs Defendants to show cause why this Court has subject matter jurisdiction.

Federal courts are courts of limited jurisdiction and are obligated to inquire *sua sponte* whenever it may be lacking. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "The existence of federal jurisdiction is tested as of the time of removal." *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011) (citing *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1284-95 (11th Cir. 2008)). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "In determining whether jurisdiction exists under 28 U.S.C. § 1331, a court must look to the well-pleaded complaint alone." *Adventure Outdoors*, 552 F.3d at 1295; *see also Kemp v. Int'l Bus. Mach. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997) ("A case does not arise under federal law unless a federal question is presented on the face of plaintiff's complaint."). "Thus, 'the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law,' even where a federal claim is also available." *Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

---

[2] Defendants neither assert, nor does it appear, that the Court has diversity jurisdiction over this case.

In order for the removing defendant to meet its burden of proving proper federal question, "the defendant[] must show that the plaintiff['s] complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." *Adventure Outdoors*, 552 F.3d at 1294-95; *see also Ehlen Floor Covering*, 660 F.3d at 1287. "Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to sate court." *Adventure Outdoors*, 552 F.3d at 1294. Moreover, a district court "may remand a case <u>sua sponte</u> for lack of subject matter jurisdiction at any time." *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) (citing 28 U.S.C. § 1447(c)).

Upon review of the Notice of Removal (Doc. 1) and Second Amended Complaint (Doc. 3), the Court questions whether it has original jurisdiction over this action. Defendant argues this Court has federal question jurisdiction because, under Plaintiff's breach of contract claim, she alleges Defendant Employer failed to pay her wages, including but not limited to, "statutory overtime wages." (Docs. 1 at 1-2; 3 at 7). Specifically, without citing any binding authority, Defendants maintain there is no action for statutory overtime wages under Florida law and, therefore, Plaintiff's claim must arise under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq* ("FLSA"). (Doc. 1 at 2). The Court is not persuaded.

A state law claim may give rise to federal question jurisdiction if it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *see also Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d

1290, 1295 (11th Cir. 2008) (recognizing "that 'Grable exemplifies' a 'slim category' of cases.") (citation omitted)).  A state-law claim raises substantial questions of federal law where federal law is "an essential element" of the claim and the federal right or immunity that forms the basis of the claim is "such that the claim will be supported if the federal law is given one construction or effect and defeated if it is given another."  *Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004) (quoting *Mobil Oil Corp. v. Coastal Petroleum Co.*, 671 F.2d 419, 422 (11th Cir. 1982) (internal quotation marks omitted)).

Thus, "[t]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."  *Dunlap*, 381 F.3d at 1290 (quoting *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986) (internal quotation marks omitted)).  Rather, to confer federal jurisdiction, "the state-law claim must really and substantially involve[] a dispute or controversy respecting the validity, construction or effect of [federal] law."  *Id.* (quoting *Mobile Oil Corp.*, 671 F.2d at 422) (internal quotation marks omitted)).

From the face of the Second Amended Complaint, Gagnon does not appear to raise a "substantial" federal question for three reasons.  First, the Second Amended Complaint does not make any reference to the FLSA.  Second, under Plaintiff's breach of contract action, she has not set forth all the elements of a FLSA claim.  "To state a claim under the FLSA for unpaid wages, an employee must allege (1) an employment relationship; (2) that the employer or employee engaged in interstate commerce; and (3) that the employer failed to pay overtime compensation and/or minimum wages."  *Patterson v. Dow Enterprises-naples Hidden Storage, LLC*, No. 215CV438FTM29MRM,

2015 WL 8772843, at \*2 (M.D. Fla. Dec. 15, 2015) (citing *Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1277 n. 68 (11th Cir. 2008)). Although Plaintiff appears to plead the existence of an employment relationship and that her employer failed to pay her wages, she has not made any allegation of interstate commerce.

Third, while Defendants assert, without authority, that statutory overtime wages are only recoverable under the FLSA, it is difficult to discern, given the fact that breach of contract is alleged, how the FLSA is relevant to this claim. However, even if the FLSA is implicated, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Dunlap*, 381 F.3d at 1290 (quoting *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986) (internal quotation marks omitted)). Indeed, "[t]he fact that a court must apply federal law to a plaintiff's claims or construe federal law to determine whether the plaintiff is entitled to relief will not confer federal subject matter jurisdiction—the implicated federal issues must be *substantial*." *Id*. at 1291-92. Defendants have failed to present any explanation or argument regarding how this action involves a *substantial* dispute or controversy regarding the validity, construction, or effect of any federal law. *Id*. at 1290. And any fleeting and ambiguous reference to "statutory overtime wages" in Plaintiff's breach of contract claim does not raise a substantial issue of federal law.

As such, Defendants have failed to show how the removal of this case to federal court is proper and that the Court has subject matter jurisdiction. Although it is doubtful Defendants can state the presence of federal jurisdiction here, in the abundance of caution, the Court will grant Defendants an opportunity to supplement their Notice of Removal under 28 U.S.C. § 1653.

Accordingly, it is now

**ORDERED:**

Defendants Marcus Cantos Reptiles, LLC d/b/a The Turtle Source and Marcus Cantos must **SUPPLEMENT** the Notice of Removal as set forth in this Order **on or before February 27, 2019**, to show cause why this case should not be remanded for lack of subject matter jurisdiction. **Failure to comply with this Order will result in this case being remanded without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 13th day of February, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record